19-935
*Philpott v. SUNY*

1:16-cv-06778-AKH

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT: PETER W. HALL,
      RAYMOND J. LOHIER, JR.,
      MICHAEL H. PARK,
         *Circuit Judges*.
_____

Jeffrey Philpott,

    *Plaintiff-Appellant*,

    v.                 19-935

State University of New York,

    *Defendant-Appellee*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 7, 2020

State of New York, University of the State of New York,

                *Defendants.*

_____

| | |
|---|---|
| For Appellant: | DANIEL E. DUGAN (Stewart Lee Karlin, *on the brief*), Stewart Lee Karlin Law Group, P.C., New York, New York. |
| For Appellee: | JOSHUA M. PARKER (Barbara D. Underwood, Steven C. Wu, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jeffrey Philpott appeals from a judgment entered March 13, 2019, granting summary judgment in favor of the State University of New York ("SUNY"). We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the arguments on appeal, which we reference only as necessary to explain our decision to affirm.

2

I.

Appellant Jeffrey Philpott, a gay man, sued SUNY following his termination from his position as Vice President of Student Affairs at SUNY College of Optometry. In his Title VII action, Philpott alleged that he was unlawfully terminated due to discrimination on the basis of his sexual orientation, unlawfully retaliated against for complaining of harassment and discrimination, and subjected to a hostile work environment. The district court granted summary judgment in favor of SUNY.

"We review a grant of summary judgment *de novo* and may affirm on any basis that finds support in the record." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citations omitted). In assessing whether summary judgment should be granted, we "resolve all ambiguities and draw all reasonable inferences against the moving party." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

II.

Sexual orientation discrimination is actionable under Title VII. *See Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 112–13, 131–32 (2d Cir. 2018) (*en banc*), *cert. granted*, 139 S. Ct. 1599 (2019). A court may grant summary judgment where "there

3

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[C]onclusory statements," *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018), and "affidavit[s] that contradict[] the party's previous sworn testimony," *In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 193 (2d Cir. 2013), cannot defeat summary judgment.

At the summary judgment stage, Title VII discrimination claims are governed by the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). Philpott bears the burden of establishing a prima facie case of discrimination; in order to do so, he must show "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Id.* (citing *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008)). Once the plaintiff makes out a prima facie case, the burden shifts "to the employer to articulate some legitimate, nondiscriminatory reason" for the adverse action. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the employer meets this burden, the burden shifts back to the

4

plaintiff "to show that [the defendant's] stated reason for [the adverse employment action] was in fact pretext." *Id.* at 804.

Philpott contends that he was terminated under circumstances from which sexual orientation discrimination can be inferred because his supervisor, Dr. Heath, made multiple discriminatory comments in the months and years before Philpott's termination. Assuming without deciding that these comments satisfy Philpott's "minimal" burden to raise an inference of discriminatory motive at the prima facie stage, *see Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019), we nonetheless affirm the grant of summary judgment to SUNY on the discriminatory termination claim because Philpott failed to adduce sufficient evidence to raise a material dispute of fact that SUNY's stated reasons for termination were pretextual. Here, SUNY adduced overwhelming evidence that Philpott was terminated after declining work performance, extensive absences from the office during business hours, and insubordination in connection with his emergency leave request. The presumption of discrimination arising from the prima facie case thereafter "drops out of the analysis," *id.* at 108 (quotation marks omitted), and Philpott failed to offer any other evidence rebutting the proffered reasons or

5

suggesting that SUNY was, in fact, motivated by discrimination. We therefore agree that a reasonable jury could not find SUNY's stated reasons to be pretextual.

We similarly conclude that Philpott failed to show that SUNY's stated reasons for termination were a pretext for retaliation. Unlike Title VII discrimination claims, to which a "motivating-factor standard" of causation applies, retaliation claims require proof that retaliation was the "but-for" cause of the adverse action. *Univ. of Tx. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359–60 (2013). Temporal proximity between Philpott's complaints of discrimination and his termination is insufficient, standing alone, to carry his burden to show pretext. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). We therefore affirm the district court's grant of summary judgment to SUNY on Philpott's discrimination and retaliation claims.

Philpott also argues that the district court erred in granting summary judgment to SUNY on his hostile work environment claims. "To establish a prima facie case of hostile work environment, the plaintiff must show that the discriminatory harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment . . . [and] that the hostile conduct occurred because of a protected

6

characteristic." *Tolbert*, 790 F.3d at 439 (internal quotation marks and citations omitted). "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive. Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness." *Id.* (internal quotation marks and citations omitted).

Philpott has not established a prima facie case of hostile work environment. As Appellee claims, even viewing the facts in the light most favorable to Philpott, the available evidence shows that any discriminatory comments allegedly made by his supervisor and a coworker—including comments about which Philpott could identify no specifics as to timing or context or which he heard indirectly from third parties—were made inconsistently and sporadically. In other words, the record evidence does not support a finding that these isolated comments, assuming they were made, were "sufficiently continuous and concerted" such that they meet the threshold of pervasiveness. *Id.* at 439. We therefore affirm the district court on this count as well.

7

\* \* \*

We have considered Philpott's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8